**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MELISSA MEYER, *on behalf of*                              CASE NO.
*herself and others similarly situated*,

      Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

      Defendant.

_____/

### NATURE OF ACTION

1.      This is a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Melissa Meyer's ("Plaintiff") action originated in this district, and as Diversified Consultants, Inc. ("Defendant") resides in this district.

### PARTIES

4.      Plaintiff is a natural person who at all relevant times resided in the State of Kansas, City of Manhattan, and County of Pottawatomie.

5.   Defendant is "is a full service 3rd Party Collection Agency specializing in the recovery of telecom bad debt at any level of delinquency."[1]

6.   Defendant "headquarters its operations from a state of the art, 15,000 square foot facility in the Deerwood Park [Jacksonville, FL] area."[2]

7.   Defendant's "offices are home to nearly 400 collectors and staff as well as the most cutting edge technology that the industry has to offer."[3]

8.   Defendant is a member of ACA International, The Association of Credit and Collection Professionals, and the Florida Collectors Association.[4]

9.   Defendant has "invested heavily in the implementation of collection tools that give [its] staff the ability to work smarter, faster and much more efficiently."[5]

10.   Defendant "utilizes software provided by Latitude Software, Inc. called Latitude," which "keeps track of [its client's] entire work flow—from downloading new accounts to printing checks for clients."[6]

11.   Defendant "utilizes a state of the art predictive dialer along with a group of experienced analysts who regularly review accounts and route them to the team best equipped to effectively recover [its client's] delinquent accounts based on region, balance and credit rating."[7]

12.   Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt," as defined by 15 U.S.C. §1692a(5), from an individual that it attempted to contact by dialing (785) ***-**06.

---

[1]   http://www.dcicollect.com/services/dci-3rd-party-collections.html
[2]   http://www.dcicollect.com/about/dci-about.html
[3]   http://www.dcicollect.com/about/dci-about.html
[4]   http://www.dcicollect.com/about/dci-memberships.html
[5]   http://www.dcicollect.com/about/dci-about.html
[6]   http://www.dcicollect.com/dci-technology.html
[7]   http://www.dcicollect.com/services/dci-3rd-party-collections.html

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14.     Plaintiff is a retail property manager for a military base, responsible for overseeing 4,000 military homes.

15.     As a retail property manager for a military base, Plaintiff is "on call" twenty-four hours a day, seven days a week.

16.     To handle her responsibilities as a retail property manager for a military base, Plaintiff's employer provided her with a cellular telephone assigned to (785) ***-**06 (the "Cellular Telephone").

17.     Plaintiff is an authorized user of the Cellular Telephone, she is the regular carrier of the Cellular Telephone, and, in fact, she is the only user and carrier of the Cellular Telephone.

18.     Plaintiff needs the Cellular Telephone to receive calls and emails in connection with her duties as a retail property manager for a military base.

19.     Plaintiff carries the Cellular Telephone with her at all times.

20.     Several months ago, if not earlier, Defendant began using an automatic telephone dialing system, as well as an artificial or pre-recorded voice, to place calls to the Cellular Telephone.

21.     Defendant placed, on average, more than one call per day to the Cellular Telephone, for the past several months—excluding many weekends.

22.     Upon information and good faith belief, Defendant placed calls to the Cellular Telephone to collect a consumer debt from an individual other than Plaintiff.

23.     On several occasions Plaintiff answered Defendant's calls to the Cellular Telephone, and was greeted with an artificial or pre-recorded voice.

3

24.     Upon information and good faith belief, Defendant placed the calls to the Cellular Telephone for non-emergency purposes.

25.     Upon information and good faith belief, Defendant placed the calls to the Cellular Telephone voluntarily.

26.     Upon information and good faith belief, Defendant placed the calls to the Cellular Telephone under its own free will.

27.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system and an artificial or pre-recorded voice to place the calls to the Cellular Telephone.

28.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system and an artificial or pre-recorded voice to place the calls to the Cellular Telephone.

29.     Defendant did not have prior express consent to place calls to the Cellular Telephone by using an automated telephone dialing system and/or an artificial or pre-recorded voice.

30.     Upon information and good faith belief, Defendant maintains business records that show all calls it placed to the Cellular Telephone.

31.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system and/or an artificial or pre-recorded voice to place calls to telephone numbers assigned to cellular telephone service providers.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action under Federal Rule of Civil Procedure 23(a), (b), and (c), and as a representative of the following classes:

**TCPA Class:** All persons and entities (1) to whom Defendant made or caused to be made calls, (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint.

**FDCPA Class:** All persons (1) to whom Defendant placed an average of more than one call per day, for any given period of at least two weeks, (2) within one year preceding the date of this complaint, (3) and in connection with the collection of a consumer debt.

33.     The proposed classes specifically exclude the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, and all officers and agents of Defendant.

34.     Upon information and belief, the members of the classes are so numerous that joinder of all members is impracticable.

35.     The exact numbers of the members of the classes are unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

36.     The members of the classes are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant.

37.     There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

38.     Plaintiff's claims are typical of the claims of the members of the classes.

39.     Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

40.     Plaintiff's claims are based on the same theory as the claims of the members of the classes.

41.     Plaintiff suffered the same injuries as the members of the classes.

42.     Plaintiff will fairly and adequately protect the interests of the members of the classes.

43.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

44.     Plaintiff will vigorously pursue the claims of the members of the classes.

45.     Plaintiff has retained counsel experienced and competent in class action litigation.

46.     Plaintiff's counsel will vigorously pursue this matter.

47.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

48.     The questions of law and fact common to all the members of the classes predominate over questions that may affect individual class members.

49.     Issues of law and fact common to all members of the classes are:

    a.  Defendant's violations of the TCPA;

    b.  Defendant's violations of the FDCPA;

    c.  The existence of Defendant's identical conduct;

    d.  The availability of statutory penalties; and

    e.  The availability of attorneys' fees and costs.

50.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

51.     If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

52.     The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

53.     The pursuit of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

54.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

55.     The damages suffered by each of the members of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

56.     The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

57.     There will be no difficulty in the management of this action as a class action.

58.     Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(a)(iii)
### (On behalf of Plaintiff and the TCPA class)

59.     Plaintiff repeats and re-alleges each and every factual allegation above.

60.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system and/or an artificial or pre-recorded voice to place non-emergency calls to the Cellular Telephone, without Plaintiff's consent.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d
### (On behalf of Plaintiff and the FDCPA class)

61.     Plaintiff repeats and re-alleges each and every factual allegation above.

62.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse, in connection with the collection of a consumer debt.

63.     Defendant violated 15 U.S.C. § 1692d(5) by causing the Cellular Telephone to ring repeatedly or continuously, and by engaging Plaintiff in telephone conversation repeatedly or continuously, with intent to annoy, abuse, or harass Plaintiff at the called number.

### TRIAL BY JURY

64.     Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action;

b)   Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c)   Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)   Adjudging that Defendant violated 15 U.S.C. §§ 1692d, 1692d(5);

e)   Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

f)   Enjoining Defendant from continuing its violative behavior;

g)   Awarding Plaintiff and the FDCPA class statutory damages under 15 U.S.C. § 1692k;

h) Awarding Plaintiff and the FDCPA class attorneys' fees and costs under 15 U.S.C. § 1692k;

i) Awarding Plaintiff and the TCPA class damages under 47 U.S.C. § 227(b)(3)(B);

j) Awarding Plaintiff and the TCPA class treble damages under 47 U.S.C. § 227(b)(3);

k) Awarding Plaintiff and the TCPA Class reasonable attorneys' fees and costs pursuant to Rule 23 of the Federal Rules of Civil Procedure;

l) Awarding Plaintiff and the members of the classed any pre-judgment and post-judgment interest as may be allowed under the law; and

m) Awarding such other and further relief as the Court may deem just and proper.

Date: March 26, 2014

Respectfully Submitted,

Aaron D. Radbil
Greenwald Davidson PLLC
5550 Glades Rd, Ste. 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
aradbil@mgjdlaw.com
Attorney for Plaintiff